UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA BARTMESS,

    Plaintiff,

v.                                                                Case No. 06-14557
                                                                Hon. Sean F. Cox

BORMAN'S INC., d/b/a FARMER JACK
and FARMER JACK STORE NO. 454,

    Defendant.

_____

**OPINION AND ORDER**

       This matter is before the Court on Defendant's Motion for summary judgment. Both parties have briefed the issues and a hearing was held August 9, 2007. For the following reasons, the Court **DENIES** Defendant's Motion for summary judgment.

**I.   BACKGROUND**

       This action arises out of a personal injury Plaintiff, Cynthia Bartmess, suffered at Defendant's store. On August 23, 2005, Plaintiff was shopping for groceries at the Farmer Jack store located in Mt. Clemens, Michigan. On her way to check out, Plaintiff realized she needed an onion. She left her shopping cart at the check out counter and went to get an onion. On her way, in front of the customer service desk, Plaintiff slipped and fell on a "puddle of dirty clear pink liquid." A friend of Plaintiff's, Connie Koop, happened to be near the customer service desk and witnessed Plaintiff's fall. Koop claims she had observed a child drop a bottle of light pink juice on the floor. Koop alleges she asked employees to have someone pick it up "because

1

someone might slip and fall." According to Koop, a video tape display distracted Plaintiff and prevented her from seeing the spill.

On October 18, 2006, Plaintiff filed the instant action. A Second Amended Complaint was filed on December 27, 2006 alleging negligence against Defendant based on premises liability. Defendant filed the instant Motion for summary judgment on June 27, 2007. Plaintiff filed a Response on July 10, 2007. Defendant did not file a reply.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. ANALYSIS

Because this case is in federal court solely on the basis of diversity jurisdiction, this court must apply the laws of the state of Michigan as decided by the Michigan Supreme Court. *Kessler v. Visteon Corporation*, 448 F.3d 326, 329-330 (6th Cir. 2006). The outcome in federal

court should be the same as if it were tried in a state court. *Id*. at 330.

Plaintiff alleges Defendant was negligent for failing to remove or treat the spill for an unreasonable and substantial length of time, amounting to a failure to exercise reasonable care. [Complaint, ¶7]. To state a prima facie case of negligence in Michigan, including premises liability, the plaintiff must establish the following elements: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the defendant's breach caused the plaintiff's harm; and (4) that the plaintiff suffered damages. *Hunley v. DuPont Automotive*, 341 F.3d 491, 496 (6th Cir. 2003). The element at issue in this case is whether Defendant owed Plaintiff a duty.

"For purposes of premises liability, Michigan courts recognize three common-law categories: trespasser, licensee, and invitee." *Kessler*, 448 F.3d at 336-337. The parties agree that Plaintiff was an invitee when she visited Defendant's store. [Motion, p.5; Response, p.6]. "An 'invitee' is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception." *Kessler*, 448 F.3d at 337. "Where the visitor is an invitee, the landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law." *Id*.

However, the duty of a landowner to invitees is not unlimited. "A landowner does not owe a duty to invitees where the dangers are so obvious and apparent that an invitee may be

3

expected to discover them himself." *Id*. This is referred to as the "open and obvious" doctrine. "Under Michigan law, a condition is considered open and obvious if the dangerous characteristics are readily apparent or easily discoverable upon casual inspection by the average person of ordinary intelligence." *Osontoski v. Wal-Mart Stores, Inc*., 143 F.3d 1027, 1028 (6th Cir. 1998)(citation omitted). "[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Kessler*, 448 F.3d at 339 (quoting *Lugo v. Ameritech Corporation, Inc*., 464 Mich. 512 (2001)). In *Kessler*, the Sixth Circuit held that when ruling on a motion for summary judgment involving an open and obvious condition "the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id*. at 340.

**Was the Spill Open and Obvious?**

"The test to determine if a danger is open and obvious is whether 'an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection." *Kennedy v. Great Atlantic & Pacific Tea Company*, --- N.W.2d ----, 2007 WL 852634 (Mich.App. 2007)(citing *Novotney v. Burger King Corporation*, 198 Mich.App. 470, 475 (Mich.App. 1993). "Because the test is objective, this court looks not to whether a

4

particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Id.*

The parties dispute whether the spill was open and obvious. Plaintiff argues in her brief that the "dirty clear pink liquid" was "in close proximity to and behind a merchandise display...which obscured anyone's view or detection of the liquid spill." [Response, p.2]. Plaintiff testified that she was able to see the spill after she fell:

> Q. Okay. After you fell, though, you told me that you believe you fell on some pink liquid; is that right?
>
> A. Yes.
>
> Q. Could you see it after you fell?
>
> A. After I fell 'cause it was all over my clothes.
>
> Q. Did you see it on the floor?
>
> A. Yeah, it was, it was like a dirty pink liquid.
>
> Q. And how big of an area was it in?
>
> A. The area of the liquid was about like that - witness indicating.
>
> Q. And you're holding out your arms around, was it like a round circle like you're holding your arms?
>
> A. Yes.

[Response, Exhibit A, p.27(emphasis added)]. Plaintiff also submits the testimony of Connie Koop. Koop's testimony is unclear on how visible the liquid was. Koop testified in her deposition that the spill was in the shadow of a display for videotapes so that "you really couldn't tell that it was there if you weren't paying attention." [Response, Exhibit D, p.11]. Koop claims the liquid was a faint pink. *Id.* at 29. She also testified that after she saw the spill,

5

she pointed it out to an employee. *Id*. at 12-13.  According to Koop, the employee acknowledged the spill, but did not immediately clean it up. *Id*.  Koop testified that the spill was not visible "unless you were really seriously staring at the floor" because it blended in with the flooring. *Id*. at 17.  She did not believe she would have seen the spill if she had not actually seen the girl spill the liquid. *Id*.  Koop admitted that she could see the spill from five feet away, but claims she could "barely see it." *Id*. at 29.  Additionally, Koop testified that other people in the store "just didn't acknowledge" the spill. *Id*. at 17.

The court must accept the facts as alleged by Plaintiff and draw all inferences in her favor. *Cox, supra*.  Applying this standard, pursuant to the deposition testimony provided, there is a question of fact regarding whether the spill was open and obvious.  After her fall, Plaintiff was able to see the liquid and was able to describe the size of the spill.  However, this does not indicate whether the spill was visible upon a casual inspection.  According to Koop, the liquid was a faint pink that was not visible without "seriously staring at the floor" and was masked by a shadow from a merchandise display.  Further, Koop alleges that other people did not acknowledge the spill.  Based on this testimony, it is not clear as a matter of law that an average user with ordinary intelligence would have been able to discover the danger and the risk presented by the spill *upon casual inspection*.  In addition, accepting Koop's testimony as true, Defendant had notice of the spill prior to Plaintiff's fall.

Defendant does not advance any other argument to support its claim for summary judgment.  Accordingly, Defendant's motion must be denied.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: September 5, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**